**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE DEUTSCHE BANK AKTIENGESELLSCHAFT SECURITIES LITIGATION | No.: 1:16-cv-03495-AT<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ANDREI SFIRAIALA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL |

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS .........................................................................................................1

ARGUMENT ...............................................................................................................................3

    A.    SFIRAIALA SHOULD BE APPOINTED LEAD PLAINTIFF ............................3

        1.    Sfiraiala is Willing to Serve as Class Representative ................................4

        2.    Sfiraiala Has the "Largest Financial Interest" ............................................4

        3.    Sfiraiala Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................................................5

        4.    Sfiraiala Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses .............................................7

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...............................................................................................................8

CONCLUSION ............................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

*A.F.I.K. Holding SPRL v. Fass*,
   216 F.R.D. 567 (D.N.J. 2003) ............................................................................................ 5

*Amchem Prods. v. Windsor*,
   521 U.S. 591 (1997) ............................................................................................................ 7

*Baby Neal v. Casey*,
   43 F.3d 48 (3d Cir. 1994) ................................................................................................... 6

*Beck v. Maximus, Inc.*,
   457 F.3d 291 (3d Cir. 2006) ........................................................................................... 6, 7

*Danis v. USN Communs., Inc.*,
   189 F.R.D. 391 (N.D. Ill. 1999) ......................................................................................... 6

*Fischler v. AmSouth Corp.*,
   176 F.R.D. 583 (M.D. Fla. 1997) ....................................................................................... 6

*Gluck v. CellStar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997) .................................................................................... 6

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ....................................................................................... 6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, Civil Action No. 04-0265,
   2004 U.S. Dist. LEXIS 10200 (E.D. Pa. June 3, 2004) ..................................................... 5

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG)(RER),
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ................................................... 5

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ................................................................................ 5, 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................................... 6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) ......................................................................................... 5

*Janovici v. DVI, Inc.*,
   2003 U.S. Dist. LEXIS 22315 (E.D. Pa. Nov. 25, 2003) ................................................... 5

*Lax v. First Merchs. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ................................................. 4-5

*Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx),
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ................................................... 8

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) ............................................................................................ 7

## **Statutes**

15 U.S.C. § 21D(a)(3)(A)(i) (2012) ............................................................................................ 4
15 U.S.C. § 78u (2012) ................................................................................................... *passim*

## **Other**

23 of the Federal Rules of Civil Procedure ........................................................................ *passim*
42 of the Federal Rules of Civil Procedure ................................................................................ 1

Andrei Sfiraiala ("Sfiraiala") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing Sfiraiala as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the publicly traded securities of Deutsche Bank Aktiengesellschaft ("Deutsche Bank" or the "Company") between April 15, 2013 and April 29, 2016, both dates inclusive (the "Class Period); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Sfiraiala, with losses of approximately $262,921 calculated on a FIFO basis and $246,270 calculated on a LIFO basis, has the largest financial interest in the relief sought in this action. Sfiraiala further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as he is an adequate representative with claims typical of the other Class members. Accordingly, Sfiraiala respectfully submits that he should be appointed Lead Plaintiff.

## STATEMENT OF FACTS

Defendant Deutsche Bank provides investment, financial, and related products and services worldwide. The Company is incorporated in the Federal Republic of Germany with principal executive offices located in Frankfurt am Main, Germany.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Deutsche Bank had serious and systemic failings in its controls against financing terrorism, money laundering, aiding against international sanctions, and committing financial crimes; (ii) Deutsche Bank's internal control over financial reporting and its disclosure controls and procedures were not effective; and (iii) as a result, Deutsche Bank's public statements were materially false and misleading at all relevant times.

The truth began to emerge on July 22, 2014, when *The Wall Street Journal* published an article entitled "Deutsche Bank Suffers From Litany of Reporting Problems, Regulators Said", stating that the Federal Reserve Bank of New York found that the Company's U.S. operations suffer from a litany of serious financial-reporting problems that the Company had known about for years but not fixed.

On this news, shares of Deutsche Bank fell $1.05 per share or approximately 3% from its previous closing price to close at $34.80 per share on July 22, 2014, damaging investors.

*The Wall Street Journal's* article was only the first in a series of corrective disclosures. *The Wall Street Journal*, *Bloomberg*, *The Financial Times* and other publications continued to report on the issues at Deutsche Bank in a series of articles that described series shortcomings in the bank's Moscow operations with respect to compliance and anti-money-laundering controls. Finally, on May 1, 2016, it was reported that the United Kingdom's Financial Conduct authority had sent a letter to Deutsche Bank in March 2015, faulting the bank for "'serious' lapses in efforts to thwart money laundering," and "criticiz[ing] the bank's ability to verify some clients' identities and goals, or ensure that it wasn't aiding organizations subject to international sanctions."

2

On this news, shares of Deutsche Bank fell $1.62 per share or approximately 9% over the next two trading days to close at $17.34 per share on May 3, 2016, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A. SFIRAIALA SHOULD BE APPOINTED LEAD PLAINTIFF

Sfiraiala should be appointed Lead Plaintiff because he has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Sfiraiala satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Sfiraiala is Willing to Serve as Class Representative

On May 10, 2016, counsel for plaintiff in the above-captioned action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Deutsche Bank securities that they had until July 11, 2016 to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jeremy A. Lieberman in Support of Motion by Andrei Sfiraiala for Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

Sfiraiala has filed the instant motion pursuant to the Notice, and has attached a Certification attesting that he is willing to serve as a representative for the Class, and provide testimony at deposition and trial, if necessary.  *See* Lieberman Decl., Ex. B.  Accordingly, Sfiraiala satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Sfiraiala Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, Sfiraiala believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds

expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, Sfiraiala (1) purchased 19,527 shares of Deutsche Bank securities; (2) expended $767,505 on his purchases of Deutsche Bank securities; (3) retained 11,000 of his Deutsche Bank shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $262,921 calculated on a FIFO basis and $246,270 calculated on a LIFO basis. *See* Lieberman Decl., Ex. C. Because Sfiraiala possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Sfiraiala Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of Sfiraiala are typical of those of the Class. Sfiraiala alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Deutsche Bank, or omitted to state material facts necessary to make the statements they did make not misleading. Sfiraiala, as did all members of the Class, purchased Deutsche Bank securities during the Class Period at

prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Sfiraiala is an adequate representative for the Class. There is no antagonism between the interests of Sfiraiala and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation.  Moreover, Sfiraiala has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. Sfiraiala Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Sfiraiala as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of Sfiraiala to fairly and adequately represent the Class has been discussed above. Sfiraiala is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Sfiraiala should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Sfiraiala has selected the Pomerantz law firm as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Lieberman Decl., Ex. D.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in the instant action, Sfiraiala's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of counsel by Sfiraiala, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Sfiraiala respectfully requests that the Court issue an Order (1) appointing Sfiraiala as Lead Plaintiff for the Class; (2) approving the Pomerantz law firm as Lead

8

Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: July 11, 2016

    Respectfully submitted,

    **POMERANTZ LLP**

    By: */s/ Jeremy A. Lieberman*
    Jeremy A. Lieberman
    J. Alexander Hood II
    600 Third Avenue, 20th Floor
    New York, NY 10016
    Telephone: (212) 661-1100
    Facsimile: (212) 661-8665
    Email: jalieberman@pomlaw.com
    Email: ahood@pomlaw.com

    **POMERANTZ LLP**
    Patrick V. Dahlstrom
    Ten South LaSalle Street, Suite 3505
    Chicago, Illinois 60603
    Telephone: (312) 377-1181
    Facsimile: (312) 377-1184
    Email: pdahlstrom@pomlaw.com

    *Counsel for Movant and*
    *Proposed Lead Counsel for the Class*

    **BRONSTEIN, GEWIRTZ**
    **& GROSSMAN, LLC**
    Peretz Bronstein
    60 East 42nd Street, Suite 4600
    New York, NY 10165
    Telephone: (212) 697-6484
    Facsimile (212) 697-7296
    Email: peretz@bgandg.com

    *Additional Counsel for Movant*