UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re DEUTSCHE BANK AKTIENGESELLSCHAFT SECURITIES LITIGATION | : | Civil Action No. 1:16-cv-03495-AT |
| | : | |
| | : | CLASS ACTION |
| | : | |
| This Document Relates To: | : | MEMORANDUM OF LAW IN SUPPORT OF CHESTER COUNTY EMPLOYEES RETIREMENT FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |
| ALL ACTIONS. | : | |

1165030_1

Class member and proposed lead plaintiff Chester County Employees Retirement Fund ("Chester County") respectfully submits this memorandum of law in support of its motion for an order appointing Chester County lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*, and approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the proposed class**.**

## I.   INTRODUCTION

Presently pending in this District is a consolidated securities class action (the "Action") brought on behalf of public investors who purchased or otherwise acquired Deutsche Bank Aktiengesellschaft ("Deutsche Bank" or the "Company") securities between April 15, 2013 and April 29, 2016, inclusive (the "Class Period").

The PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here, Chester County is the "most adequate plaintiff" to represent the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Chester County is an experienced and sophisticated institutional investor with ample resources and capability to oversee complex litigation. In addition to timely filing its motion, Chester County also has a significant financial interest – an interest believed to be greater than that of any competing movant. And, Chester County meets the typicality and adequacy requirements set out in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), because its claims are typical of those of absent class members and Chester County will fairly and adequately represent the interests of the proposed class. Chester County has also selected Robbins Geller to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Chester County's chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and

- 1 -

approving Chester County's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.B, *infra*.

Accordingly, Chester County should be appointed Lead Plaintiff and its selection of counsel should be approved.

## II.   SUMMARY OF THE ACTION

Deutsche Bank provides investment, financial, and related products and services worldwide. The Company operates through five corporate divisions: Global Markets; Corporate & Investment Banking; Private, Wealth and Commercial Clients; Postbank, Deutsche Asset Management; and Non-Core Operations Unit segments.  It offers a range of financial markets products, including bonds, equities and equity-linked products, exchange-traded and over-the-counter derivatives, foreign exchange, money market instruments, and securitized products, as well as mergers and acquisitions; debt and equity advisory and origination services; and commercial banking, advisory banking and financial services.

Defendants are alleged to have made false and misleading statements and/or failed to disclose adverse information regarding the Company's business, operations and management throughout the Class Period.  Specifically, defendants failed to disclose that Deutsche Bank had serious and systemic failings in its controls against financing terrorism, money laundering, aiding against international sanctions and committing financial crimes, and that the Company's internal control over financial reporting and its disclosure controls and procedures were not effective.

The truth gradually began entering the market through a series of articles and probes involving billions of dollars of trades the Company made on behalf of Russian clients and possible money laundering by Russian clients that may involve billions of dollars of transactions over more than four years.  For example, on October 29, 2015, *Bloomberg* published an article entitled

"Deutsche Bank Sets Aside $1.3 Billion, Mostly for Russia Probe," stating that the Company set aside $1.3 billion in the third quarter to cover suspected wrongdoing at its Russian equity unit, and that it found violations of internal policies and identified weaknesses in its oversight regime during its probe of the so-called Russian mirror trades.  On this news, Deutsche Bank's stock declined from $30.31 per share to $27.89 per share.

Similarly, on April 14, 2016, *Bloomberg* published an article entitled "Deutsche Bank Found 'Systemic' Failure in Russia Cash Flight," stating that the Company found a "systemic" failure in its internal controls that were designed to prevent money laundering and financial crime, and which allowed a "suspected money-laundering pattern" to pump as much as $10 billion out of Russia from 2012 through 2014.

And, on April 28, 2016, *Bloomberg* published an article entitled "Deutsche Bank's Thoma to Step Down in Wake of Board Clash," in which it was reported that Georg Thoma, Chairman of the Supervisory Board of Deutsche Bank, who was brought on the Board to help improve controls and work through the Company's various cases of misconduct, stepped down from his position after criticism that "he went too far in probing potential wrongdoing within its ranks."

Subsequently, on May 1, 2016, *The Financial Times* published an article entitled "FCA warns Deutsche on 'serious' financial crime control issues," stating that the United Kingdom's Financial Conduct Authority ("FCA") sent a letter to Deutsche Bank on March 2, 2015, accusing it of having "serious" and "systemic" failings in its controls against financing terrorism, money laundering, aiding against international sanctions and committing financial crimes.  The FCA stated that its investigation uncovered, among other things, incomplete documentations, lack of monitoring and influencing staff to take actions related to specific clients, which all amounted to a "serious" and "systemic" controls failure.  According to the article, the FCA letter noted that "[e]ffective senior

- 3 -

management engagement and leadership on financial crime had been lacking for a considerable period of time."

Additionally, on May 1, 2016, *Bloomberg* published an article entitled "Deutsche Bank Said to Be Faulted by FCA Over Lax Client Vetting," stating that the FCA faulted the Company for "serious" lapses in efforts to thwart money laundering and criticized the Company's ability to verify clients' abilities and goals, or ensure that it was not aiding organizations subject to international sanctions.

As a result of defendants' alleged wrongful actions and omissions, and the precipitous decline in the market value of the Company's securities as a result, the class suffered significant loss.

## III.    ARGUMENT

### A.    Chester County Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

>   (aa) has either filed the complaint or made a motion in response to a notice . . .;

>   (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

>   (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Chester County meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    Chester County's Motion Is Timely

On May 10, 2016, notice of the first-filed complaint was published on *Business Wire* and advised class members of the pendency of the first of the related actions, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff 60 days from May 10, 2016, or by July 11, 2016.  *See* Declaration of David A. Rosenfeld in Support of Chester County Employees Retirement Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Rosenfeld Decl."), Ex. A.  July 9, 2016, the 60th day, was a Saturday.  Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday" is July 11, 2016.  Fed. R. Civ. P. 6(a)(1)(C).  Thus, Chester County filed within the applicable deadline and its motion should be considered for lead plaintiff appointment.

### 2.    Chester County Possesses the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Chester County purchased over 3,751 shares of Deutsche Bank common stock at prices artificially inflated by defendants' alleged misconduct and suffered harm of more than $47,097.  Rosenfeld Decl., Exs. B, C.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest than Chester County.  Therefore, Chester County satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the class.

### 3.    Chester County Otherwise Satisfies Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173

- 5 -

Case 1:16-cv-03495-AT-BCM   Document 32   Filed 07/11/16   Page 7 of 11

(S.D.N.Y. 2010) (citation omitted). "'Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Id.* at 173-74 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(3). "'The adequacy requirement is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . .'" *Sgalambo*, 268 F.R.D. at 174 (citation omitted); *see also* Fed. R. Civ. P. 23(a)(4).

Here, Chester County's claims are typical because, like all members of the putative class, it purchased Deutsche Bank securities during the Class Period at prices artificially inflated by defendants' materially false and misleading statements and suffered damages when the truth was revealed. Chester County's claims therefore arise from the same course of events as all class members and will require similar (if not identical) legal arguments in order to prove defendants' liability. Thus, Chester County satisfies the typicality requirements of Rule 23(a)(3).

Chester County is also an adequate representatives for the proposed class. Its substantial financial interest in the outcome of the Action demonstrates that its interests are aligned with those of the class. Moreover, as an institutional investor, Chester County will leverage its resources and experience to ensure vigorous and competent advocacy for the benefit of all putative class members. And, Chester County has selected highly experienced counsel committed to zealously and efficiently prosecuting this action to a successful conclusion. Thus, Chester County satisfies the adequacy requirements of Rule 23(a)(4).

- 6 -

1165030_1

Because Chester County is the presumptive "most adequate plaintiff" under the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(iii)(I), and no competing movant can rebut that presumption, it should be appointed Lead Plaintiff.

**B.    Chester County's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).  Here, Chester County has selected Robbins Geller to serve as lead counsel for the proposed class.  *See* Rosenfeld Decl., Ex. D.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this Action for the benefit of the class.  With more than 200 lawyers in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation. District courts throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.  *See, e.g.*, *Sgalambo*, 258 F.R.D. at 175, 177 (appointing Robbins Geller lead counsel and noting its "substantial securities class action experience"); *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); Rosenfeld Decl., Ex. D.

Thus, the Court can be assured that by approving Chester County's choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

- 7 -

## IV.     CONCLUSION

Chester County has timely filed its motion seeking appointment as lead plaintiff, possesses the largest financial interest in this litigation of any qualified plaintiff of which its counsel is aware, and will fairly and adequately represent the interests of the putative class.  Chester County has also retained counsel with the resources and experience necessary to adequately represent the interests of the class in this Action.  For these reasons, the Court should appoint Chester County as Lead Plaintiff and approve its selection of Robbins Geller as Lead Counsel for the class.

DATED:  July 11, 2016                          Respectfully submitted,

                                                            ROBBINS GELLER RUDMAN
                                                               & DOWD LLP
                                                            SAMUEL H. RUDMAN
                                                            DAVID A. ROSENFELD


                                                                    s/ David A. Rosenfeld
                                                            DAVID A. ROSENFELD

                                                            58 South Service Road, Suite 200
                                                            Melville, NY  11747
                                                            Telephone:  631/367-7100
                                                            631/367-1173 (fax)
                                                            srudman@rgrdlaw.com
                                                            drosenfeld@rgrdlaw.com

                                                            ROBBINS GELLER RUDMAN
                                                               & DOWD LLP
                                                            BRIAN O. O'MARA
                                                            655 West Broadway, Suite 1900
                                                            San Diego, CA  92101
                                                            Telephone:  619/231-1058
                                                            619/231-7423 (fax)
                                                            bomara@rgrdlaw.com

                                                            [Proposed] Lead Counsel for Plaintiff

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 11, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 11, 2016.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
& DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:16-cv-03495-AT In re Deutsche Bank Aktiengesellshaft Securities Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam M. Apton**
  aapton@zlk.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **Phillip C. Kim**
  pkim@rosenlegal.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)