## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE DEUTSCHE BANK
AKTIENGESELLSCHAFT SECURITIES
LITIGATION

Case No. 1:16-cv-03495 (AT) (BCM)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING JUDICIAL NOTICE OF A CONSENT ORDER OR, IN THE ALTERNATIVE, LEAVE TO AMEND THE COMPLAINT TO INCORPORATE THE CONSENT ORDER

Lead Plaintiff Andrei Sfiraiala and Plaintiff Warren Ramanathan (collectively, "Plaintiffs") submit this memorandum of law in support of Plaintiffs' Motion Requesting Judicial Notice of the following document, annexed as Exhibit A to the accompanying Declaration of Emma Gilmore:

Exhibit A:   a true and correct copy of the Consent Order Under New York Banking Law §§ 39, 44 and 44-a, *In the Matter of Deutsche Bank AG and Deutsche Bank AG New York Branch*, New York State Department of Financial Services, dated January 30, 2017 ("NYS DFS Consent Order"), available at www.dfs.ny.gov/about/ea/ea170130.pdf;

or, in the alternative, to grant Plaintiffs Leave to Amend the Consolidated Amended Class Action Complaint to incorporate the NYS DFS Consent Order.

## PROCEDURAL HISTORY

On October 4, 2016, the Court appointed Plaintiff Andrei Sfiraiala to serve as Lead Plaintiff in this action, and approved Lead Plaintiff Sfiraiala's selection of Pomerantz LLP as Lead Counsel. (Dkt. 49).

On December 16, 2016, Lead Plaintiff filed his Consolidated Amended Class Action Complaint ("Complaint") (Dkt. No. 51) alleging securities fraud against Deutsche Bank and

1

certain individual defendants, arising out of Deutsche Bank's multi-billion money laundering scheme that is the subject of numerous government investigations, including, but not limited to, the United States Securities and Exchange Commission ("SEC"), the United States Department of Justice ("DOJ"), the New York State Department of Financial Services, the United Kingdom's Financial Conduct Authority, and the German's Federal Financial Supervisory Authority ("BaFin").

On January 30, 2017, the NYS DFS executed a Consent Order concerning Deutsche Bank's money-laundering scheme that is also the subject of Plaintiffs' Complaint.  Because the Complaint was filed on December 16, 2016, the Consent Order is not referenced in or incorporated into the Complaint.

On February 21, 2017, Defendants Deutsche Bank and individual defendants Cryan, Schenck and Jain filed a Motion to Dismiss the Complaint. (Dkt. No. 85).

## ARGUMENT

Plaintiffs respectfully request that the Court take judicial notice of the Consent Order. Under Rule 201(b), courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information.  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(d).

The NYS DFS Consent Order satisfies this standard.  Courts in the Second Circuit routinely take judicial notice of governmental  filings, decisions, orders and settlements.  *See*, *e.g.*, *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015) (on a motion to dismiss a securities action, a court may consider "public disclosure documents required by law to be, and

that have been, filed with the SEC"); *Sullivan v. Barclays PLC*, No. 13-cv-2811 (PKC), 2017 U.S. Dist. LEXIS 25756, *65 (S.D.N.Y. Feb. 21, 2017) ("The Court takes judicial notice that … the DOJ entered into a deferred-prosecution agreement with Deutsche Bank relating to manipulation of LIBOR and the Euribor. Separately, under the auspices of the CEA, the CFTC has levied an $800 million penalty against Deutsche Bank for its manipulation of the LIBOR and Euribor…The Court takes judicial notice of the foregoing"); *Kernan v. New York State Dep't of Fin. Servs*., No. 13-CV-3196 (JS) (ARL), 2016 U.S. Dist. LEXIS 135444, *4 (E.D.N.Y. Sept. 29, 2016) ("The Court also took judicial notice of a DFS [New York State Department of Financial Services] Final Determination and Order"); *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008) (courts may consider public documents issued by government agencies).  *See also Simmtech Co. v. Barclays Bank PLC* (*In re Foreign Exch. Benchmark Rates Antitrust Litig.),* 74 F. Supp. 3d 581, 592 (S.D.N.Y. 2015) ("The Court has taken judicial notice of penalties and fines levied by regulators in three countries against six Defendants as a result of some of the investigations detailed in the U.S. Complaint and for the very conduct alleged in the Complaint. The penalties provide non-speculative support for the inference of a conspiracy").

Here, the NYS DFS Consent Order is available at www.dfs.ny.gov/about/ea/ea170130.pdf.   The contents and findings contained in the Consent Order cannot be subject to reasonable dispute because, among other things, it was executed with Defendant Deutsche Bank's approval and consent.   The NYS DFS's Consent Order concerns Defendant Deutsche Bank and the same allegations of wrongdoing that form the crux of this securities class action.   The Consent Order does not contain any denial of wrongdoing or denial

of liability.  Defendant Deutsche Bank and Deutsche Bank AG New York Branch are ordered to pay significant monetary penalties for their conduct.

In the alternative, Plaintiffs seek leave to amend the Complaint to reference and incorporate the NYS DFS Consent Order.  Leave to amend should be freely given.  *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2).  "This is especially true where the proposed amendment arises from the same set of operative facts as the original claims, or from events closely related to those originally pleaded."  *Kreinik v. Showbran Photo, Inc*., 2003 U.S. Dist. LEXIS 18276, *33 (S.D.N.Y. Oct. 10, 2003) "The party opposing amendment has the burden of establishing that amendment would be futile or otherwise inappropriate." *Blagman v. Apple, Inc*., 307 F.R.D. 107, 111 (S.D.N.Y. 2015).  Here, Defendants cannot satisfy this hefty burden.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court take judicial notice of the Consent Order attached as Exhibit A to the Declaration of Emma Gilmore filed herewith, or in the alternative, grant Plaintiffs leave to amend the Complaint to reference the Consent Order.

Dated:  March 7, 2017

**POMERANTZ LLP**

*/s/ Emma Gilmore_____*

Jeremy A. Lieberman
Emma Gilmore
Adam G. Kurtz
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Lead Counsel for Lead Plaintiff and
Plaintiff Warran Ramanathan*