UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE DEUTSCHE BANK AKTIENGESELLSCHAFT SECURITIES LITIGATION | Case No. 1:16-cv-03495 (LTS) (BCM) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING JUDICIAL NOTICE OF AN ORDER TO CEASE AND DESIST AND ORDER OF ASSESSMENT OF A CIVIL MONEY PENALTY**

Lead Plaintiff Andrei Sfiraiala and Plaintiff Warren Ramanathan (collectively, "Plaintiffs") submit this memorandum of law in support of Plaintiffs' Motion Requesting Judicial Notice of the following document, annexed as Exhibit A to the accompanying Declaration of Emma Gilmore:

Exhibit A:    a true and correct copy of the Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent, Pursuant to the Federal Deposit Insurance Act, as Amended ("Cease and Desist Order"), available at https://www.federalreserve.gov/newsevents/pressreleases/files/enf20170530a1.pd.

## PROCEDURAL HISTORY

On October 4, 2016, the Court appointed Plaintiff Andrei Sfiraiala to serve as Lead Plaintiff in this action, and approved Lead Plaintiff Sfiraiala's selection of Pomerantz LLP as Lead Counsel.  (Dkt. No. 49).

On December 16, 2016, Lead Plaintiff filed his Consolidated Amended Class Action Complaint ("Complaint") (Dkt. No. 51) alleging securities fraud against Deutsche Bank and certain individual defendants, arising out of Deutsche Bank's multi-billion money laundering scheme that is the subject of numerous government investigations, including, but not limited to, the United States Securities and Exchange Commission ("SEC"), the United States Department

of Justice ("DOJ"), the New York State Department of Financial Services, the United Kingdom's Financial Conduct Authority, and the German's Federal Financial Supervisory Authority ("BaFin").

On February 21, 2017, Defendant Deutsche Bank and individual defendants Cryan, Schenck and Jain filed a Motion to Dismiss the Complaint. (Dkt. No. 85).

On March 7, 2017, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss the Complaint. (Dkt. No. 91).

On March 13, 2017, Defendants filed their Reply in further support of their Motion to Dismiss the Complaint. (Dkt. No. 98).

Defendants' Motion to Dismiss the Complaint remains sub judice.

## ARGUMENT

Plaintiffs respectfully request that the Court take judicial notice of the Cease and Desist Order. Under Rule 201(b), courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(d).

The Cease and Desist Order satisfies this standard. Courts in the Second Circuit routinely take judicial notice of governmental filings, decisions, orders and settlements. *See*, *e.g.*, *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015) (on a motion to dismiss a securities action, a court may consider "public disclosure documents required by law to be, and that have been, filed with the SEC"); *Sullivan v. Barclays PLC*, No. 13-cv-2811 (PKC), 2017 U.S. Dist. LEXIS 25756, *65 (S.D.N.Y. Feb. 21, 2017) ("The Court takes judicial notice that . . .

the DOJ entered into a deferred-prosecution agreement with Deutsche Bank relating to manipulation of LIBOR and the Euribor. Separately, under the auspices of the CEA, the CFTC has levied an $800 million penalty against Deutsche Bank for its manipulation of the LIBOR and Euribor . . . The Court takes judicial notice of the foregoing"); *Kernan v. New York State Dep't of Fin. Servs.*, No. 13-CV-3196 (JS) (ARL), 2016 U.S. Dist. LEXIS 135444, *4 (E.D.N.Y. Sept. 29, 2016) ("The Court also took judicial notice of a DFS [New York State Department of Financial Services] Final Determination and Order"); *In re Zyprexa Prods. Liab. Litig.*, 549 F. Supp. 2d 496, 501 (E.D.N.Y. 2008) (courts may consider public documents issued by government agencies). *See also Simmtech Co. v. Barclays Bank PLC* (*In re Foreign Exch. Benchmark Rates Antitrust Litig.*), 74 F. Supp. 3d 581, 592 (S.D.N.Y. 2015) ("The Court has taken judicial notice of penalties and fines levied by regulators in three countries against six Defendants as a result of some of the investigations detailed in the U.S. Complaint and for the very conduct alleged in the Complaint. The penalties provide non-speculative support for the inference of a conspiracy").

Here, the Cease and Desist Order is available at https://www.federalreserve.gov/newsevents/pressreleases/files/enf20170530a1.pd.  The contents and findings contained in the Cease and Desist Order cannot be subject to reasonable dispute because, among other things, it was executed with Defendant Deutsche Bank's approval and consent.  The Cease and Desist Order concerns Defendant Deutsche Bank and the same allegations of wrongdoing that form the crux of this securities class action.  The Consent Order does not contain any denial of wrongdoing or denial of liability.  Defendant Deutsche Bank and Deutsche Bank AG New York Branch, DB USA Corporation, and Deutsche Bank Trust Company Americas are ordered to pay significant monetary penalties for their conduct.

The Cease and Desist Order provides that "Deutsche Bank AG, Frankfurt, Germany ("Deutsche Bank") is a foreign bank . . . that controls a large complex financial organization that consists of a number of separate business lines and legal entities in many countries around the world." "Deutsche Bank conducts operations in the United States through its U.S. bank holding company, DB USA Corporation, New York, New York ("DB USA") that owns and controls Deutsche Bank Trust Company Americas, New York, New York ("DBTCA"), a state-chartered bank that is a member of the Federal Reserve System; Deutsche Bank's branch office located in New York, New York (the "Branch"); and various other offices and subsidiaries (the "U.S. Operations")."

According to the terms of the Cease and Desist Order, "Deutsche Bank has adopted a firmwide risk management program for the U.S. Operations that is designed to identify and manage compliance risks related to compliance with all applicable laws, rules, and regulations relating to anti-money laundering ("AML") compliance, including the Bank Secrecy Act ("BSA") (31 U.S.C. § 5311 et seq.); the rules and regulations issued thereunder by the U.S. Department of the Treasury (31 C.F.R. Chapter X); and the AML regulations issued by the appropriate federal supervisors for DB USA, DBTCA, and the Branch, including, but not limited to: (i) with respect to DB USA and DBTCA, Regulations H and Y of the Board of Governors (12 C.F.R. § 208.62 et seq. and § 225.4(f)), and (ii) with respect to the Branch, Regulation K of the Board of Governors (12 C.F.R. §§ 211.24(f) and 211.24(j)) (collectively, the "BSA/AML Requirements")." "Deutsche Bank's U.S. Operations are one of the largest U.S. dollar processors and pose a high degree of BSA/AML risk."

The Cease and Desist Order "is issued with respect to the following:

4

A. The most recent examination of the BSA/AML program at DBTCA and the Branch conducted by the Federal Reserve Bank of New York (the "Reserve Bank") identified *significant deficiencies* in DBTCA's and the Branch's risk management and compliance with the BSA/AML Requirements that have resulted in a violation of the regulatory compliance program requirement; and

B. *Deficiencies* in DBTCA's transaction monitoring capabilities *prevented DBTCA from properly assessing BSA/AML risk for billions of dollars in potentially suspicious transactions processed between 2011 and 2015 for certain DBTCA affiliates in Europe* for which the affiliates failed to provide sufficiently accurate and complete information."

Accordingly, pursuant to the Cease and Desist Order, "***The Board of Governors hereby assesses Deutsche Bank a civil money penalty in the amount of $41 million*** . . . "  "This penalty is a penalty paid to a government agency for a violation of law for purposes of 26 U.S.C. § 162(f) and 26 C.F.R. § 1.162-21."

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that this Court take judicial notice of the Cease and Desist Order attached as Exhibit A to the Declaration of Emma Gilmore filed herewith.

Dated:  June 5, 2017                              **POMERANTZ LLP**

/s/ *Jeremy A. Lieberman*

Jeremy A. Lieberman
Emma Gilmore
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Lead Counsel for Plaintiffs*