**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

IN RE: DEUTSCHE BANK AKTIENGESELLSCHAFT
SECURITIES LITIGATION

No.: 16-cv-03495 (LTS)(BCM)

---------------------------------------------------------------------X

**DEFENDANTS' RESPONSE TO PLAINTIFFS'**
**MOTION REQUESTING JUDICIAL NOTICE**

Charles A. Gilman
David G. Januszewski
Tara H. Curtin
John M. Schoolman
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
(212) 701-3000

*Attorneys for Defendants Deutsche Bank*
*Aktiengesellschaft, John Cryan, Marcus*
*Schenck and Anshuman Jain*

June 6, 2017

The motion of Defendants Deutsche Bank Aktiengesellschaft ("Deutsche Bank"), Marcus Schenck, John Cryan, and Anshuman Jain (ECF 85-87) to dismiss Plaintiffs' Consolidated Amended Complaint ("CAC"; ECF 51) was fully submitted with the filing of Defendants' Reply on March 13, 2017 (ECF 98).[1]

With no prior conferral in violation of Rule 2(b) of your Honor's Individual Practices, on June 5, 2017 Plaintiffs filed a motion requesting that the Court take judicial notice of a cease and desist consent order entered by the Board of Governors of the Federal Reserve System. *See* ECF 104-106-1. Herein, we respond to Plaintiffs' motion.

First, Plaintiffs are incorrect in stating that the order concerns "the same allegations of wrongdoing that form the crux of this securities class action." (ECF 105 at page 3). The order relates to Deutsche Bank's U.S. Operations (ECF 106-1 at page 1), and states that the Board of Governors of the Federal Reserve System is Deutsche Bank's "appropriate federal supervisor in the United States. . . ." (ECF 106-1 at page 2). The principal charge in Plaintiffs' CAC in this lawsuit relates to the operations of Deutsche Bank Russia, one of the named Defendants herein, not to Deutsche Bank's U.S. Operations or its New York Branch. *See* CAC, *passim*.

Second, Plaintiffs are also incorrect in viewing the order as an admission. As stated therein, the order was entered on consent:

> "before the filing of any notices, or taking of any testimony or adjudication of or finding on any issues of fact or law herein, and solely for the purpose of settling this matter without a formal proceeding being filed and without the necessity for protracted or extended hearings or testimony."

---

[1] Despite this action having been filed in May 2016, the four moving Defendants were the only Defendants served at the time Defendants' motion was filed. On March 3, 2017, the Court set the time for any of the other ten corporate and individual defendants who may be served to move, answer or otherwise respond to the CAC until, if necessary, 21 days after the Court rules on this motion to dismiss. (ECF 89).

ECF 106-1 at page 4.  Accordingly, the order may not properly be used against Deutsche Bank, even if Plaintiffs' lawsuit related to Deutsche Bank's U.S. Operations, which it does not. *See Lipsky* v. *Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (affirming motion to strike reference to consent order because "a consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues…. can not be used as evidence in subsequent litigation between that corporation and another party.").

Third, to the extent that the Court wishes to consider it, fairly read the order supports the granting of Defendants' motion to dismiss.  The only claim of primary violation alleged by Plaintiffs in this action – violation of Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder – requires well-pleaded allegations and proof of scienter, meaning an intention to manipulate, defraud or deceive.  Here, the order states "Deutsche Bank has adopted a firmwide risk management program for the U.S. Operations that is intended to identify and manage compliance risks related to compliance with all applicable laws, rules, and regulations relating to anti-money laundering" and that:

> "it is the common goal of the Board of Governors, the Reserve Bank, and Deutsche Bank that [i] Deutsche Bank maintains effective corporate governance and oversight over the U.S. Operations, including the establishment and maintenance of robust risk management and compliance programs on a consolidated basis . . . [ii] that Deutsche Bank's [U.S. affiliates] operate in compliance with all applicable federal laws, rules, and regulations . . . [and iii] that [Deutsche Bank's New York Branch] operates in compliance with all applicable federal laws, rules, and regulations. . . ."(ECF 106-1 at pages 2-3).

*This is the antithesis of corporate scienter*.

We have said from the outset – and demonstrated in Defendants' moving and reply briefs with upwards of a dozen Court of Appeals decisions – that, no matter how prolix, the allegations of noncompliance with internal corporate codes of conduct and internal risk management programs in the CAC in this lawsuit are allegations of mismanagement, not securities fraud.  The

order negates any suspicion of corporate scienter, and supports the granting of Defendants' motion to dismiss.

## **CONCLUSION**

The Consolidated Amended Complaint should be dismissed, with prejudice.

Dated:    June 6, 2017

Respectfully submitted,

/s/ Charles A. Gilman
Charles A. Gilman
David G. Januszewski
Tara H. Curtin
John M. Schoolman
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, NY 10005
(212) 701-3000

*Attorneys for Defendants Deutsche Bank
Aktiengesellschaft, John Cryan, Marcus
Schenck and Anshuman Jain*