```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/16/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re DEUTSCHE BANK
AKTIENGESELLSCHAFT SECURITIES
LITIGATION

16 Civ. 3495 (AT) (BCM)

**ORDER**

ANALISA TORRES, District Judge:

Lead Plaintiff Andrei Sfiraiala and Plaintiff Warren Ramanathan (collectively, "Plaintiffs") brought this securities class action on behalf of themselves and all others similarly situated against Defendants Deutsche Bank Aktiengesellshaft ("Deutsche Bank), Deutsche Bank Ltd. a/k/a Deutsche Bank LLC, Stefan Krause, Juergen Fitschen, Anshuman Jain, Stephan Leithner, Stuart Lewis, Rainer Neske, Henry Ritchotte, John Cryan, Marcus Schenck, Timothy Wiswell, Joerg Bongartz, and Batubay Ozkan (collectively, "Defendants"). By order dated June 28, 2017 (the "Order"), the Court granted a motion to dismiss brought by Defendants Deutsche Bank, Cryan, Schenck, and Jain ("Moving Defendants"). ECF No. 109. On July 14, 2017, Plaintiffs moved to either amend the judgment under Federal Rule of Civil Procedure 59(e) or vacate the judgment under Federal Rule of Civil Procedure 60(b), and sought leave to amend their complaint under Federal Rule of Civil Procedure 15(a). ECF No. 111. For the reasons stated below, Plaintiffs' motion is DENIED.

The Court sets forth only the background relevant to this motion and presumes familiarity with the Order, which describes Plaintiffs' allegations in full. In the consolidated amended class action complaint ("complaint"), Plaintiffs alleged that Defendants made over 100 statements between 2013 and 2016—in annual reports, corporate responsibility reports,

financial statements, earnings calls, press conferences, SEC 20-F Forms, and on Defendants' websites—that were materially false or misleading. Compl. ¶¶ 140-271, ECF No. 51. In the Order, the Court held that Plaintiffs failed to demonstrate with specificity how the statements were false, failed to identify misleading statements sufficient to state a claim, and failed to adequately allege scienter. Order 10-19. Plaintiffs now seek to amend their complaint, and provide a proposed second consolidated amended class action complaint for the Court's consideration. ECF No. 112-1 ("Proposed Am. Compl.").

The parties spend many pages in their memoranda debating the tension between Rules 15, 59, and 60 of the Federal Rules of Civil Procedure. On the one hand, Rule 15(a) dictates that "leave to amend shall be freely given when justice so requires," and the Second Circuit has repeatedly emphasized the "liberal spirit of Rule 15." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 214 (2d Cir. 2011)).

On the other hand, "[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b)." *Williams*, 659 F.3d at 213 (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). The standards under Rules 59 and 60 are far less liberal. "Generally, district courts will only amend or alter a judgment pursuant to Rule 59 'to correct a clear error of law or prevent manifest injustice.'" *In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) (quoting *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004)). The legal standard under Rule 59 is "strict" and "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX*

*Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). Similarly, a motion under Rule 60(b)(6)[1] is warranted only "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).

The Court need not address this tension, however, because Plaintiffs fail to satisfy even Rule 15's liberal allowance for amendment. A Rule 15(a) motion may be denied for "undue delay, bad faith, dilatory motive, and futility." *Loreley*, 797 F.3d at 190. Here, Plaintiffs' motion is denied because it would be futile. Although Plaintiffs have addressed one of the deficiencies the Court identified in the Order—namely, Plaintiffs have "painstakingly included paragraphs explaining the reasons why the . . . statements are materially false and misleading," Pl. Reply 4, ECF No. 115—Plaintiffs have missed the forest for the trees. In addition to holding that the manner of cross-reference pleading in the complaint did not comport with the Second Circuit's guidance in *Boca Raton Firefighters & Police Pension Fund v. Bahash*, 506 Fed. App'x 32 (2d Cir. 2012), the Court analyzed the statements discussed by Plaintiffs in their opposition brief and held that they were insufficient to state a claim. *See* Order 12-15. The Court has reviewed the proposed second amended complaint and concludes that although Plaintiffs have trimmed their allegations of actionable false and misleading statements, they do not add a single new allegation. *Compare* Compl. ¶¶ 140-271, *with* Proposed Am. Compl.

---

[1] The parties do not dispute that Plaintiffs' motion would not qualify under the other five provisions of Rule 60(b): "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged . . . [.]"

¶¶ 158-383.[2] Where a proposed amended complaint offers no new facts or allegations from a complaint already adjudicated to fail to state a claim, the proposed amendment would be futile. *Cassoli v. Am. Med. & Life Ins. Co.*, No. 14 Civ. 9379, 2015 WL 3490688, at *5 (S.D.N.Y. June 2, 2015) (citing *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002)); *see also In re Sanofi Sec. Litig.*, No. 14 Civ. 9624, 2016 WL 3566233, at *4 (S.D.N.Y. June 24, 2016) (finding post-judgment proposed amended complaint futile because it did "not add any new misstatements or omissions or allege any facts making the misstatements and omissions already included in the first Consolidated Amended Complaint actionable").

This deficiency is exemplified by Plaintiffs' reply memorandum. Plaintiffs identify only two examples of statements that they purport to be false or misleading, paragraphs 169 and 231 of the proposed second amended complaint, which were previously paragraphs 146 and 183[3] of the complaint. *See* Pl. Reply 4. As before, these paragraphs fail to state a claim.

In proposed paragraph 169, the bolded text begins: "On a regular basis we conduct risk workshops aiming to evaluate risks specific to countries and local legal entities we are operating in and take appropriate risk mitigating steps." Proposed Am. Compl. ¶ 146. As the Court held in the motion to dismiss, Plaintiffs do not plead that Defendants failed to conduct risk workshops or take steps to mitigate risk, only that the workshops and mitigating steps were ineffective. Such an allegation is not actionable. *See In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 292 (S.D.N.Y. 2014); *Gusinsky v. Barclays PLC*, 944 F. Supp.

---

[2] The length of this section nearly doubled from the complaint to the proposed second amended complaint because of the new interstitial paragraphs addressing why the statements were purportedly materially false and misleading.

[3] Paragraph 183 of the complaint is identical to paragraph 166, which was discussed at length in the Order. *See* Order 13-15.

4

2d 279, 288 (S.D.N.Y. 2013) (dismissing complaint alleging securities violations based on statements such as "the Company's operation of a system of internal controls which provides reasonable assurance of effective and efficient operations . . . including . . . compliance with laws and regulations" (omissions in original)), *aff'd in relevant part sub nom. Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227 (2d Cir. 2014).

In proposed paragraph 231, which includes 519 words of bolded text,[4] the bolded text includes: "Compliance with laws and regulations is a matter of course. That is why we are reinforcing a well-developed compliance structure."; "In our review, responsible corporate governance does not only mean adherence to laws, regulations, and standards. It requires a stringent compliance system. We have defined strict rules and guidelines for our staff across the entire spectrum of our areas of activity."; "Our anti-money laundering program provides strong support for international efforts to combat money laundering, financing terrorism and other criminal acts.": and "We have developed effective procedures for accessing clients (Know Your Customer or KYC) and a process for accepting new clients in order to facilitate comprehensive compliance." Proposed Am. Compl. ¶ 231.

In the Order, the Court held that such statements are not actionable because "general statements about reputation, integrity, and compliance with ethical norms are inactionable 'puffery,' meaning that they are 'too general to cause a reasonable investor to rely upon them.'" *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183 (2d

---

[4] "The Second Circuit has commented that district courts should not have to 'search the long quotations in the complaint for particular false statements, and then determine on its own initiative how and why the statements were false and how other facts might show a strong inference of scienter.'" *In re PetroChina Co. Ltd. Sec. Litig.*, 120 F. Supp. 3d 340, 356 (S.D.N.Y. 2015) (quoting *Bahash*, 506 Fed. App'x at 38), *aff'd sub nom. Klein v. PetroChina Co.*, 644 Fed. App'x 13, 14 (2d Cir. 2016). Sometimes, less is more.

Cir. 2014) (quoting *ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009)); *see also, e.g., Bahash*, 506 Fed. App'x at 37 (finding "statements . . . regarding McGraw-Hill's integrity and credibility"—such as "[t]he integrity, reliability and credibility of S & P has enabled us to compete successfully in an increasingly global and complex market, and that is true today and we are confident it will be so in the future" and that the company had risk management processes that were "highly disciplined and designed to preserve the integrity of the risk management process"—to be "the type of mere 'puffery' that we have previously held to be not actionable"); *In re UBS AG Sec. Litig.*, No. 07 Civ. 11225, 2012 WL 4471265, at *34 (S.D.N.Y. Sept. 28, 2012) (finding statements that UBS went "above and beyond what laws and regulations require," that UBS "adheres to high ethical standards," and that UBS "strives to maintain an appropriate balance between risk and return while establishing and controlling UBS's corporate governance processes, including compliance with relevant regulations" to be non-actionable puffery). In one such case, the Court reasoned that statements about "effective risk management and control systems," making "significant improvements in the way in which we measure and manage risk care," that "[o]ur operational risk management and control systems and processes are designed to help ensure that risks . . . are appropriately controlled," and that "there is a new risk culture at the bank" were non-actionable puffery because, as in this case, "[a]t the time the statements regarding risk controls were made here, the banking sector had experienced enormous losses" and "[i]n such a context, touting good risk controls is the equivalent of positive, aspirational puffery found inactionable by courts." *C.D.T.S. v. UBS AG*, No. 12 Civ. 4924, 2013 WL 6576031, at *1-2, 5 (S.D.N.Y. Dec. 13, 2013), *aff'd sub nom. Westchester Teamsters Pension Fund v. UBS AG*, 604 Fed. App'x 5 (2d Cir. 2015).

Because the proposed second amended complaint fails to cure the deficiencies identified in the Order, amendment would be futile and there is no reason to vacate the judgment. Accordingly, Plaintiffs' motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 111.

SO ORDERED.

Dated: August 16, 2017
       New York, New York

_____
ANALISA TORRES
United States District Judge